IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **ALEJANDRO TORRES,** | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CRIMINAL NO. 96-0181-WS |
| | ) |
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| Respondent. | ) |

**ORDER**

This matter comes before the Court on petitioner Alejandro Torres' Motion (doc. 255) seeking relief from judgment pursuant to Rule 60(b)(6), Fed.R.Civ.P., and his request for reopener of his petition under 28 U.S.C. § 2255.

Back in March 1998, following a jury trial, Torres was convicted of conspiracy to import cocaine, in violation of 21 U.S.C. § 963. In August 1998, the late Judge Vollmer sentenced Torres to a term of imprisonment of 240 months. In January 2001, Torres filed a Motion to Vacate, Set Aside or Correct Sentence (doc. 197) pursuant to 28 U.S.C. § 2255. As later supplemented, petitioner's § 2255 petition identified the following grounds for relief: (a) petitioner's claim that the indictment was defective for failing to include language on aiding and abetting; (b) petitioner's claim that the jury instructions were inadequate as to the issue of intent; (c) alleged *Apprendi* error; (d) petitioner's claim that 21 U.S.C. §§ 841(b) and 960(b) are unconstitutional; and (e) absence of a sufficient nexus to interstate or foreign commerce to support federal jurisdiction. On June 4, 2003, this Court entered an Order (doc. 214) denying Torres' § 2255 motion on the merits. On appeal, the Eleventh Circuit denied Torres' motion for certificate of appealability in November 2003. (*See* doc. 222.)

Now, seven years after filing his § 2255 motion, and five years after its denial by this Court, Torres seeks relief from the denial of his § 2255 motion pursuant to Rule 60(b)(6), Fed.R.Civ.P. Interpreting the Supreme Court's decision in *Gonzalez v. Crosby*, 545 U.S. 524 (2005), the Eleventh Circuit has explained that "Federal Rule of Civil Procedure 60 provides a

basis, but only a limited basis, for a party to seek relief from a final judgment in a habeas case." *Williams v. Chatman*, 510 F.3d 1290, 1293 (11th Cir. 2007). The pertinent question is whether Torres' Rule 60(b) motion is actually a second or successive § 2255 petition in disguise. "If Petitioner's 60(b) motion is not really a second or successive habeas petition, the district court has jurisdiction to consider the merits of the motion." *Zakrzewski v. McDonough*, 490 F.3d 1264, 1267 (11th Cir. 2007). The law is clear that "a Rule 60(b) motion is to be treated as a successive habeas petition if it: (1) seeks to add a new ground of relief; or (2) attacks the federal court's previous resolution of a claim on the merits." *Williams*, 510 F.3d at 1293-94 (quoting *Gonzalez*, 545 U.S. at 532). By contrast, the Rule 60(b) motion is not to be regarded as a successive petition if it "attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings." *Williams*, 510 F.3d at 1294 (quoting *Gonzalez*, 545 U.S. at 532).

Here, it is quite clear that Torres seeks to add a new ground of relief via his Rule 60(b) motion. In particular, Torres seeks to raise a brand-new *Brady* claim of constitutional error, predicated on his contention "that a *Brady* violation took place at the inception of petitioner's criminal trial." (Motion (doc. 255), at 3.) This is an improper use of the Rule 60(b) vehicle. As the Supreme Court explained, "[u]sing Rule 60(b) to present new claims for relief from a state court's judgment of conviction - even claims couched in the language of a true Rule 60(b) motion - circumvents AEDPA's requirement that a new claim be dismissed unless it relies on either a new rule of constitutional law or newly discovered facts." *Gonzalez*, 545 U.S. at 531. His protestations to the contrary notwithstanding, Torres's newly asserted *Brady* claim has nothing to do with any alleged defect in the integrity of the § 2255 proceedings (which did not involve *Brady* issues or the trial testimony of the Government's confidential informants), but rather constitutes an attempt to circumvent the AEDA restrictions on second or successive § 2255 petitions by presenting a brand-new claim of constitutional error in the guise of a Rule 60(b) motion. "When a Rule 60(b) motion qualifies as a second or successive habeas petition as defined in *Gonzalez*, it must comply with the requirements for such petitions under the AEDPA." *Williams*, 510 F.3d at 1294. "The AEDPA provides that, to file a second or successive § 2255 motion, the movant must first file an application with the appropriate court of appeals for an order authorizing the district court to consider it. *See* 28 U.S.C. § 2244(b)(3)(A). Without

authorization, the district court lacks jurisdiction to consider a second or successive petition." *Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003).  Torres has failed to comply with the requirement that he obtain prior authorization from the appellate court to submit this second or successive petition; therefore, his Motion (doc. 255) filed nominally under Rule 60(b) is **denied** for lack of jurisdiction.

DONE and ORDERED this 9th day of July, 2008.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE