# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

|                             |   |                           |
|-----------------------------|---|---------------------------|
| **ALEJANDRO TORRES,**       | ) |                           |
|                             | ) |                           |
| **Petitioner,**             | ) |                           |
|                             | ) |                           |
| **v.**                      | ) | **CRIMINAL NO. 96-0181-WS** |
|                             | ) |                           |
| **UNITED STATES OF AMERICA,** | ) |                         |
|                             | ) |                           |
| **Respondent.**             | ) |                           |

## ORDER

This matter comes before the Court on petitioner Alejandro Torres' second Motion (doc. 258) for relief from judgment pursuant to Rule 60(b)(6), Fed.R.Civ.P.

Petitioner has a long history of seeking postconviction relief in various forms from this Court, spanning multiple habeas petitions and multiple motions under Rule 60(b). Back in March 1998, following a jury trial, Torres was convicted of conspiracy to import cocaine, in violation of 21 U.S.C. § 963. In August 1998, the late Judge Vollmer sentenced Torres to a term of imprisonment of 240 months. In January 2001, Torres filed a Motion to Vacate, Set Aside or Correct Sentence (doc. 197) pursuant to 28 U.S.C. § 2255. As later supplemented, petitioner's § 2255 petition identified the following grounds for relief: (a) petitioner's claim that the indictment was defective for failing to include language on aiding and abetting; (b) petitioner's claim that the jury instructions were inadequate as to the issue of intent; (c) alleged *Apprendi* error; (d) petitioner's claim that 21 U.S.C. §§ 841(b) and 960(b) are unconstitutional; and (e) absence of a sufficient nexus to interstate or foreign commerce to support federal jurisdiction. On June 4, 2003, this Court entered an Order (doc. 214) denying Torres' § 2255 motion on the merits. The Eleventh Circuit denied Torres' request for certificate of appealability in November 2003. (*See* doc. 222.)

In September 2007, Torres filed a second habeas petition, this one predicated on the bizarre theory that this District Court lacked authority to sentence him because the United States is controlled by the "Crown's British Accreditation Registry." That petition was summarily

denied by Order (doc. 249) entered on September 17, 2007. Dissatisfied with this ruling, Torres followed by filing a "Notice of Default on Writ of Habeas Corpus" (doc. 250) and a Motion to Dismiss for Lack of Jurisdiction (doc. 252), both of which were summarily stricken as frivolous. (Docs. 251, 253.)

Five years after the denial of his original § 2255 motion, Torres filed his first Rule 60(b) motion for relief from judgment, seeking to add a brand-new *Brady* claim of constitutional error to his long-dismissed § 2255 petition. On July 9, 2008, the Court entered an Order (doc. 257) denying this first Rule 60(b) motion as an improper second or successive § 2255 motion for which Torres had failed to obtain prior approval from the Eleventh Circuit Court of Appeals.

Now, nearly two years after the denial of his first Rule 60(b) motion, Torres returns with another Rule 60(b) motion, this one nominally couched in terms of newly discovered evidence of actual innocence. According to Torres, the "newly discovered evidence" lies in the fact that he "recently found out that, a defendant by law cannot conspire with a federal agent nor with a confidential informant (CI)." (Doc. 258, at 4.)[1] Torres contends that, because the jury at trial was never informed that a defendant cannot conspire with a federal agent or confidential informant, the jury was "improperly instructed which violates Petitioner's rights to a fair and just trial." (*Id.*) Thus, although he frames his Rule 60(b) motion as one for actual innocence, it appears that he is really attempting to raise a new claim of defective jury instructions to supplement those claims previously raised and rejected in his § 2255 motion.[2]

Once again, this Court is without jurisdiction to consider Torres' latest Motion. Interpreting the Supreme Court's decision in *Gonzalez v. Crosby*, 545 U.S. 524 (2005), the Eleventh Circuit has explained that "Federal Rule of Civil Procedure 60 provides a basis, but only a limited basis, for a party to seek relief from a final judgment in a habeas case." *Williams*

---

[1] This is hardly a novel legal proposition. *See, e.g., United States v. Wright*, 63 F.3d 1067, 1072 (11th Cir. 1995) ("it takes at least two to conspire neither of which may be government agents or informers"); *United States v. Elledge*, 723 F.2d 864, 866 (11th Cir. 1984) (similar).

[2] As Torres puts it, "my jury was so poorly instructed [that] the truth was withheld and executed from their assessment which amounts to prosecutorial misconduct and gross fundamental miscarriage of justice." (Doc. 258, Exh. 2, ¶ 21.)

*v. Chatman*, 510 F.3d 1290, 1293 (11ᵗʰ Cir. 2007).  The pertinent question is whether Torres'
Rule 60(b) motion is actually a second or successive § 2255 petition in disguise.  "If Petitioner's
60(b) motion is not really a second or successive habeas petition, the district court has
jurisdiction to consider the merits of the motion."  *Zakrzewski v. McDonough*, 490 F.3d 1264,
1267 (11ᵗʰ Cir. 2007).  The law is clear that "a Rule 60(b) motion is to be treated as a successive
habeas petition if it: (1) seeks to add a new ground of relief; or (2) attacks the federal court's
previous resolution of a claim on the merits."  *Williams*, 510 F.3d at 1293-94 (quoting *Gonzalez*,
545 U.S. at 532).  By contrast, the Rule 60(b) motion is not to be regarded as a successive
petition if it "attacks, not the substance of the federal court's resolution of a claim on the merits,
but some defect in the integrity of the federal habeas proceedings."  *Williams*, 510 F.3d at 1294
(quoting *Gonzalez*, 545 U.S. at 532).

Here, there is no doubt that Torres is seeking to relitigate his § 2255 motion on the merits
by raising a new claim of inadequate jury instructions.  As the Supreme Court explained,
"[u]sing Rule 60(b) to present new claims for relief from a state court's judgment of conviction -
even claims couched in the language of a true Rule 60(b) motion - circumvents AEDPA's
requirement that a new claim be dismissed unless it relies on either a new rule of constitutional
law or newly discovered facts."  *Gonzalez*, 545 U.S. at 531.  Torres's claim has nothing to do
with any alleged defect in the integrity of the § 2255 proceedings; rather, petitioner is attempting
to circumvent the AEDPA restrictions on second or successive § 2255 petitions by presenting a
brand-new claim of constitutional error in the guise of a Rule 60(b) motion.  "When a Rule 60(b)
motion qualifies as a second or successive habeas petition as defined in *Gonzalez*, it must
comply with the requirements for such petitions under the AEDPA."  *Williams*, 510 F.3d at
1294.  "The AEDPA provides that, to file a second or successive § 2255 motion, the movant
must first file an application with the appropriate court of appeals for an order authorizing the
district court to consider it.  *See* 28 U.S.C. § 2244(b)(3)(A).  Without authorization, the district
court lacks jurisdiction to consider a second or successive petition."  *Farris v. United States*, 333
F.3d 1211, 1216 (11ᵗʰ Cir. 2003).  Despite actual knowledge of the requirement that he obtain
prior authorization from the appellate court to submit this second or successive petition, Torres
has once again failed to comply with it; therefore, his Motion (doc. 258) filed nominally under
Rule 60(b) is **denied** for lack of jurisdiction.  To the extent that Torres requests a certificate of

appealability, that request is likewise **denied**.

DONE and ORDERED this 2nd day of June, 2010.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE